FILED

2010 Sep-07  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TABITHA GILBERT, by and through her next friend and father Tony Gilbert,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No. CV-09-S-0821-NE** |
| **vs.** | ) ) | |
| **NPC INTERNATIONAL, INC. d/b/a PIZZA HUT,** | ) ) ) | |
| **Defendant.** | ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion to compel, which arises out of several discovery disputes.[1]   Plaintiff, Tabitha Gilbert ("Gilbert"), brought an action against defendant, NPC International, Inc. ("NPC"), asserting sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, along with several state law claims.[2]   The parties have been unable to resolve disputes stemming from Gilbert's requests for document production.[3]   Although Gilbert cites nine specific

---

[1] Doc. no. 35.

[2] Doc. no. 1.  Plaintiff alleges the following state law claims: Outrage (Count III); Invasion of Privacy (Count IV); Negligent/Wanton Retention (Count V); and Negligent/Wanton Supervision and Training (Count VI).  Doc. no. 1, at 5-9.  Curiously, plaintiff's complaint contains no Count II.

[3] *See* doc. no. 35, at 1 ("Plaintiff's counsel has attempted to resolve the discovery disputes as set out herein with counsel for Defendant via written correspondence, via electronic mail correspondence, and via inquires during the Plaintiff's deposition.").  *See also* doc. no. 35, Ex. C (Rule 37 letter from plaintiff's counsel to defendant's counsel); doc. no. 35, Ex. D (copies of various

requests to which NPC has been unresponsive, only four remain in issue[4] following NPC's response in opposition to Gilbert's motion to compel.[5]  The court will address each remaining dispute, in turn, below.

Pursuant to Federal Rule of Civil Procedure 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . ."  *Id.*  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [and] [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.* "Relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Rowlin v. Alabama Department of Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) (citations and internal quotation marks omitted).

In Requests for Production Nos. 1 and 4 Gilbert seeks the production of her personnel file, along with the personnel files of Daniel Burton, the individual

---

discovery-related emails exchanged between plaintiff's counsel and defendant's counsel that address the disputes brought before this court in plaintiff's motion to compel).

[4] Specifically, these are plaintiff's Requests for Production Nos. 1, 4, 8, and 14.

[5] *See* doc. no. 37.  Plaintiff's complaints as to defendant's failure to comply with Requests for Production Nos. 2, 3, 5, 12, and 13, as limited by plaintiff in her motion, are rendered moot.   In its response in opposition to plaintiff's motion to compel production of documents, NPC stipulated that it is not aware of any documents that are responsive to any of these specifically cited requests for production of documents.  Doc. no. 37, at 8-10.

allegedly responsible for sexually harassing Gilbert, and "all individuals listed on the plaintiff's and/or defendant's Initial Disclosures."[6]  Gilbert moves this court to compel *complete* production of these files due to her belief that the files actually produced by NPC are incomplete.[7]  In response, NPC contends that it has produced complete personnel files for all but two individuals, Danny Speeks ("Speeks") and Troy Baxter ("Baxter").[8]  NPC has raised no other issues regarding the files that it has produced, and the court, accordingly, declines to examine the matter further.  NPC *must* supplement any personnel files already provided to Gilbert to the extent that any of those files are less than complete, and do so within seven days of this order.

The court will now consider the question of whether NPC must produce the personnel files of Speeks and Baxter.  Speeks was the general manager for the district in which Gilbert was employed during the alleged sexual harassment.[9]  Baxter was the "Human Resource Leader" for Gilbert's area of employment.[10]  NPC argues that

---

[6] Doc. no. 35, ¶ 2.  *See also id.*, Ex. A, at 11-12 (plaintiff's Requests for Production Nos. 1, 4).

[7] In her reply to defendant's response in opposition to plaintiff's motion to compel production of documents, plaintiff cites several concerns with the files produced.  *See* doc. no. 38, ¶¶ 2-3.  She claims they are partial files that were given to the EEOC in June 2008.  *Id.*, at ¶ 2. Moreover, plaintiff notes that many of the typical items found in personnel files (I-9, W-4, and "other routine and requisite employment documentation") are missing from the files produced by NPC. *Id.*, at ¶ 3.

[8] Doc. no. 37, at 2.

[9] Doc. no. 37, at 4; doc. no. 38, at 3.

[10] Doc. no. 37, at 4.

3

these individuals' personnel files are not relevant to this action and notes privacy concerns.[11]   Gilbert and her father apparently complained to Speeks, if not also Baxter, about the alleged misconduct that forms the basis of this action.[12]  Regardless, both men were key leaders working above Gilbert, and each was presumably involved in NPC's response to Gilbert's allegations.[13]  Accordingly, the court is satisfied that discovery of Speeks's and Baxter's personnel files "reasonably could lead to . . . matters that could bear on[] any issue that is or may be in the case."  *Coker v. Duke & Co.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998).  The parties have jointly entered into a protective order that should quell NPC's objections relating to Speeks's and Baxter's privacy.[14]  NPC must, therefore, produce the *complete* personnel files of Speeks and Baxter, and do so forthwith — not later than seven days of this order.

Last is the matter of NPC's privilege assertions.  In Request for Production No. 8 Gilbert seeks "[a]ny and all witness statements, recordings, and/or transcripts regarding the plaintiff's claims against the defendant."[15] Similarly, in Request for

---

[11] Doc. no. 37, at 3-5.

[12] *See* doc. no. 38, ¶ 4 ("It is undisputed that both the Plaintiff and her father made complaints to District Manager, Danny Speeks, about the sexual harassment . . . ."); doc. no. 37, at 4 ("The only allegations that Plaintiff makes regarding Speeks are that Speeks was allegedly informed of Plaintiff's complaints . . . .").

[13] In doc. no. 37, NPC concedes that Baxter, as Human Resource Leader, was involved in responding to plaintiff's allegations.  *Id.*, at 4-5.

[14] *See* doc. no. 33.

[15] Doc. no. 35, Ex. A, at 13.

4

Production No. 14 Gilbert asks for "[a]ny and all statements, depositions, declarations, affidavits or trial testimony of any individual identified in either the plaintiff's or defendant's Initial Disclosures."[16]  In its response to Gilbert's motion to compel production of these documents, NPC claims that "[t]he only documents that NPC has that could be responsive to Plaintiff's discovery requests and which have not been produced are documents created after receipt of the charge of discrimination and in response to Plaintiff's charge of discrimination and lawsuit."[17]  In the view of NPC, these documents are "protected by the attorney-client privilege and/or work product doctrine."[18]

There is no doubt that Gilbert's requests could seek information protected from disclosure.  Claims of privilege for and protection of trial preparation materials are governed by Federal Rule of Civil Procedure 26(b)(5) ("Rule 26(b)(5)").  That rule states, in pertinent part:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) *describe the nature of the documents*, communications, or tangible things *not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected,*

---

[16] Doc. no. 35, Ex. A, at 14.

[17] Doc. no. 37, at 6.

[18] *Id.*

5

*will enable other parties to assess the claim*.

Fed. R. Civ. P. 26(b)(5) (emphasis supplied).  NPC has clearly failed to comply with Rule 26(b)(5)'s description requirement.  The only *hint* as to "the nature of the documents" is NPC's claim that they were "created after receipt of the charge of discrimination and in response to Plaintiff's charge of discrimination and lawsuit."[19] NPC is mistaken if it contends that the time at which a document was created is the sole inquiry in assessing the applicability of the work product doctrine. *See, e.g.*, *Tambourine Comercio Internacional SA v. Solowsky*, 312 Fed. Appx. 263, 284 (11th Cir. 2009) (holding that documents prepared for non-party were not protected, even when prepared in anticipation of litigation); *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1328-29 (N.D. Ala. 2008) (finding the privilege waived where the litigant sought to use it as "both a sword and shield"); *Freiermuth v. PPG Industries, Inc.*, 218 F.R.D. 694, 700 (N.D. Ala. 2003) ("Documents that would have been prepared whether or not an attorney was sent a copy[] are not protected from disclosure on the basis of attorney-client or work product privilege.").  Without knowing more, neither the court nor Gilbert is capable of gauging whether NPC's assertion of privilege has merit.  NPC has, therefore, failed to comply with the standard prescribed by Rule

---

[19] Doc. no. 37, at 6.  *See also* doc. no. 35, Ex. B, at 6, 9 (responding generically to plaintiff's Requests for Production Nos. 8 and 14 with "[d]efendant objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.").

26(b)(5).

As an alternative to production, Gilbert asks this court to require that NPC submit a privilege log that details the documents withheld.[20]  This would allow Gilbert to assess the viability of NPC's privilege assertions without risking disclosure of protected information.  Given that Rule 26(b)(5) applies to *both parties,* and that Gilbert also seems to be withholding documents generically described as "privileged,"[21]  Gilbert should also be required to satisfy the federal rule's requirements.  Accordingly, both parties must provide to the other a privilege log that identifies the documents withheld in a manner that complies with Rule 26(b)(5).

In accordance with the foregoing, plaintiff's motion to compel is GRANTED in part and DENIED in part.  Defendant is ORDERED to fully, completely, and truthfully respond to plaintiff's Requests for Production Nos. 1 and 4, including production of Baxter's and Speeks's personnel files, *without objections*, on or before September 14, 2010.  Defendant and plaintiff are ORDERED to provide to each other a privilege log describing all documents withheld on grounds of privilege in a manner that complies with Fed. R. Civ. P. 26(b)(5).  All other requests in plaintiff's motion to compel are DENIED as moot.  Any party that fails to fully comply with this order

---

[20] Doc. no. 35, ¶ 15.

[21] *See* doc. no. 37, at 7.  *See also id.*, Ex. B (plaintiff's generic responses to defendant's interrogatories and requests for production).

will be subject to the imposition of sanctions, including a monetary fine imposed upon that party *or that party's attorney*, a finding of contempt of court, or the entry of judgment on the issue of liability.

DONE this 7th day of September, 2010.

_____
United States District Judge